UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA A. SMITH, as personal
representative of DOLLY M. SMITH,

               Plaintiff,

-vs-

GENERAL MOTORS CORP., BUICK
MOTORS CORP., ALLEN L. PARKER,
Jr., TOYOTA MOTORS, INC., AND
TOYOTA INCORPORATION,

               Defendants.
_____/

CASE NO. 07-CV-14805

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER
## (1) GRANTING DEFENDANT GENERAL MOTORS' MOTION TO DISMISS; AND
## (2) GRANTING DEFENDANT TOYOTA MOTOR SALES' MOTION TO DISMISS

Before the Court are two motions: (1) Defendant General Motors' December 20, 2007 Motion to Dismiss (Doc. No. 5); and (2) Defendant Toyota Motor Sales' January 2, 2008 Motion to Dismiss (Doc. No. 9). After being granted a three-month extension to file a Response, Plaintiff failed to do so. The Court has dispensed with oral argument pursuant to E.D. Mich. L. R. 7.1(e)(2). Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendants' motions.

This case arises from Plaintiff's allegations that General Motors, under its former General Counsel Otis Smith (now deceased), illegally obtained property in Flint, Michigan belonging to Plaintiff and her husband John T. Smith, after the latter's death in 1967. In a letter attached to the form Complaint, Plaintiff claims that Defendants fraudulently obtained her property in violation of the Fourteenth Amendment and Michigan law. Plaintiff includes an additional purported letter dated

1

July 8, 1999, to the "Legal Department" of General Motors informing the latter of her intent to sue it for $75,000,000 for illegally and criminally obtaining her property.

General Motors moves for dismissal pursuant to Fed. R. Civ. P. 8 and 12(b)(6). General Motors essentially asserts that Plaintiff has failed to produce pleadings conforming with the Federal Rules. Toyota Motor Sales similarly asserts that Plaintiff has failed to: (1) include any specific allegations directed at a Toyota entity; and (2) properly effectuate service.

"In reviewing a Rule 12(b)(6) motion to dismiss, which is based on the failure to state a claim upon which relief can be granted, '[f]actual allegations must be enough to raise a right of relief above the speculative level, . . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' The court need not, however, accept as true legal conclusions or unwarranted factual inferences." *Michigan Division-Monument Builders of North America v. Michigan Cemetery Ass'n*, – F.3d –, 2008 WL 1901246, *3 (6th Cir. 2008). "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (citation omitted).

Under Fed. R. Civ. P. 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Sixth Circuit has explained the policy underpinning this pleading rule:

> The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud. The Sixth Circuit reads rule 9(b)'s requirement "liberally, . . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or

she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." This liberal reading stems from the influence of Rule 8, which "requires a 'short and plain statement of the claim,' and calls for 'simple, concise, and direct' allegations." Even against Rule 8's "backdrop admonition of simplicity in pleading," "[h]owever, allegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made."

*Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (internal citations omitted).

Addressing the inadequacy of the pleadings arguments, the Court agrees with Defendants that, even with liberal construction, Plaintiff's Complaint fails to meet basic pleading requirements set forth in Rules 8 and 9(b). Plaintiff merely asserts that Defendants fraudulently and illegally obtained her property – with absolutely no factual allegations substantiating these claims, much less the "time, place, and content" of the fraud. Accordingly, Plaintiff's claims should be dismissed on this basis. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1991) (recognizing that pro se plaintiffs are not relieved from basic pleading obligations and that courts should not have to "conjure up" unplead allegations). Finally, Plaintiff's Complaint contains no allegations specific to any Toyota entity, nor to Allen L. Parker, Jr., the alleged Special Administrator of Plaintiff's husband's estate.

Therefore, the Court **GRANTS** Defendants' motions (Doc. Nos. 5 & 9), and **DISMISSES** Plaintiff's Complaint.

**SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: May 5, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 5, 2008.

                                                s/Denise Goodine
                                                Case Manager